### MURDOUCH v. TUTEN.

1. IN CLAIM AND DELIVERY the amount of purchase money unpaid
   could not be credited on verdict for return of property, but the
   jury took that in consideration in fixing the value of the property.
2. IF DEFENDANT HAD AN EQUITABLE MORTGAGE on the personal property
   which he seized, that would not be a defense to an action for illegal
   seizure if no unpaid installment of purchase money were due at
   time of seizure.
3. DAMAGES.—IN ACTION FOR CLAIM AND DELIVERY and damages for
   detention of property the measure of damages is not limited to
   amount of purchase money.
4. VERDICT—TORT FEASORS.—ACTION IN CLAIM AND DELIVERY MAY BE
   MAINTAINED FOR LAND AND MACHINERY situate thereon and a general
   verdict covers both. Here verdict was properly rendered against
   both defendants, as they were joint tort feasors, the one purchasing
   from the other with notice of plaintiff's claim.
   *Norris* v. *Clinkscales,* 47 S. C., 288, *distinguished from this.*
5. CHARGE.—Assuming the existence of facts proved on both sides is
   not charging on the facts.

Before WATTS, J., Hampton, Winter Term, 1906. Affirmed.

Action by W. N. Murdouch against S. B. Tuten and J. C. Langford. From judgment for plaintiff, defendants appeal.

*Mr. Julius P. Youmans,* for appellant, cites: *The charge was on the facts:* 68 S. C., 161. *Verdict should have been for amount of purchase money and interest:* Code, 1902, 2450.

*Messrs. A. McIver Bostick* and *W. S. Tillinghast,* contra, cite: *As to form of verdict:* 75 S. C., 229.

April 8, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought for the recovery of a lot of land in the town of Brunson, and a saw mill and other machinery situate thereon, together with damages for the alleged wrongful seizure and detention of the same. The plaintiff's claims was that he had bought the property from the defendant, Tuten, for fifteen hundred dollars, paying five hundred cash and agreeing to give a mortgage on the property for the remainder; that no mortgage had been executed, and the unpaid installments of the purchase money were not due; that defendant, Tuten, with high hand took the property from him and sold it to the defendant, Langford, who bought with full knowledge of the plaintiff's title and right of possession. Tuten's defense was, that one of the unpaid installments of the purchase money of the saw mill and machinery being over due, the plaintiff voluntarily returned the property to him, and he afterwards sold it to the defendant, Langford, with the knowledge and consent of the plaintiff. Langford, while joining in the general denial of the wrongful seizure of the property and dispossession of the plaintiff, relied especially on plaintiff's express abandonment of claim to the property and consent that he should purchase.

On these issues made by the pleadings and evidence, the jury found this verdict: "We find the plaintiff is entitled to recover possession of the property described in the complaint, or the value, five hundred and forty-four 33-100 dollars, in the event a delivery cannot be made of the same, and one hundred and sixty dollars damages."

The first exception assigns error in the omission of the Circuit Judge to charge: "That if the plaintiff was entitled to recover at all, Tuten was entitled to credit for one thousand dollars and interest, the balance of the purchase money due him by the plaintiff for the property in dispute." This being an action to recover possession, the amount remaining unpaid on the purchase money obviously could not be credited on a verdict for the return of the property. In fixing the value in the event a delivery of the property could not be had, the jury did express their intention that the plaintiff could only recover on account of value the five hundred dollars and interest which he had actually paid. The exception is, therefore, without merit.

The second exception, alleging error in the omission to charge that Tuten had an equitable mortgage for the unpaid portion of the purchase money, and that under his equitable mortgage he had a right, after condition broken, to take possession of the personal property, cannot be sustained. The answer of Tuten did not set up an equitable mortgage, there was no request to charge on that subject, and no intimation given the Court that such a defense was relied on. But waiving this, the Circuit Judge could not properly have charged as a matter of law the defendant Tuten had the right to take and hold the personal property under the alleged equitable mortgage; for if no installment of the purchase money was due when the property was taken, assuming the existence of an equitable mortgage it would not have been available as a defense to an action by the mortgagor for possession and damages for an illegal seizure.

We do not mean to adjudge, however, anything further as to the equitable mortgage than that the defendant cannot complain of an omission to charge that it existed and was a complete defense to this action for possession and damages for the detention of the property. Indeed, it may turn out that the defendant, Tuten, was wise in not relying in the Circuit Court on his alleged equitable mortgage. For if he holds such a mortgage, possibly it may be still available to him in a separate action. The plaintiff does not seem to be in a position to allege the judgment in this case to be conclusive of the point, for he himself testified no unpaid installment was due when the property was taken. According to his version of the facts, therefore, even if the equitable mortgage existed, it was not available as a defense to this action, and was not concluded by the verdict. We express no opinion, however, as to whether the facts gave Tuten an equitable mortgage.

It is too obvious for discussion that in an action of this character the measure of damages is not limited to the amount of purchase money paid by the plaintiff. Section 2450 of the Civil Code has no application.

The defendant next insists that the verdict was illegal and void: "1st. In that it is in the form of a verdict for the possession of personal property only; 2d. That it is not in the alternative in the wording required by law in cases of claim and delivery; 3d. In that it is a general verdict against the defendants jointly; 4th. That it was against Tuten for the posession of the property, when he was not in possession, according to the testimony, and according to the pleadings; 5th. That it treats the real estate in dispute as personal property."

The general test of a verdict is thus laid down in *Phoenix Furniture Company* v. *Jaudon,* 75 S. C., 230: "A verdict should not be set aside as too indefinite if in itself or taken in connection with the pleadings it so identifies the property that a judgment based on it could be enforced with reasonably certainty." In *Bardin* v. *Drafts,* 10 S. C., 493, 497,

the Court says: "Every reasonable presumption must be made in favor of the verdict, and that would render it necessary to construe it as conformable to the requirements of law where such construction is possible." In this case the verdict was for the entire property claimed, which involved both land and machinery. We can see no ground for claiming the verdict was not in the alternative. The verdict for possession, it is true, was not necessary as to Tuten, because he was already out of possession, having turned over the property to Langford. But according to the evidence offered by the plaintiff, Tuten and Langford were joint tort feasors—Tuten having unlawfully taken the property, and Langford having, in pursuance of a purchase from Tuten with full notice, continued the wrong by unlawfully retaining it. They were, therefore, jointly liable for the resulting injury to the plaintiff. *Matthews* v. *Railway,* 67 S. C., 514, 46 S. E., 335.

This case is different from *Norris* v. *Clinkscales,* 47 S. C., 488, 25 S. E., 797. There a general verdict for all of the property against both defendants was set aside, because there was no privity between them, and one of the defendants had been in possession of only one of the several articles of personal property sued for.

The Circuit Judge in his charge did assume there was property in dispute which had been sold by Tuten to the plaintiff, that the plaintiff had paid a part of the purchase money, and agreed to pay the remainder; but as these facts were in evidence from both sides and were not disputed, there was no error in assuming their existence. The Circuit Judge used no language which could be tortured into an intimation of opinion that the plaintiff was willing and ready to pay the remainder of the purchase money, or that the defendant took the property without the plaintiff's consent.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.